## Luce *v.* Reed Colliery Company, Appellant.

*Judgments—Rule to open—Discretion of the court—Evidence—Conflict—Credibility.*

A petition to open judgment is addressed to the equitable powers of the court, and, upon an appeal, the question is whether there has been a proper exercise of judicial discretion.

It is the province of the court below to weigh conflicting testimony, and, in a case where the defendant's uncorroborated story is improbable, and is flatly contradicted by the plaintiff, refusal of the court to open a judgment entered upon a judgment note will be affirmed.

248, (1922).]   Statement of Facts—Opinion of the Court.

Argued October 25, 1921.   Appeal, No. 24, Oct. T., 1921, by defendant, from decree of C. P. Huntingdon Co., May T., 1920, No. 100, refusing to open judgment in the case of Benjamin C. Luce v. Chester Reed and W. H. Reed, trading as Reed Colliery Company.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Rule to stay execution, and to vacate and set aside judgment.   Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.   Defendant appealed.

*Error assigned* was the decree of the court.

*Jas. S. Woods,* and with him *Wm. Wallace Chisolm,* for appellant.—The uncorroborated testimony of the defendant would be sufficient to take the case to the jury, and should have moved the court to open the judgment, as prayed: Boyd v. Kirch, 234 Pa. 434; Levy v. Gilligan, 244 Pa. 277.

*R. A. Orbison,* of *W. P. & P. A. Orbison,* for appellee. The application to open a judgment is addressed to the sound discretion of the court: Dawson v. Vrostyak, 71 Pa. Superior Ct. 344; J. B. Cost Co. v. Benjamin, 72 Pa. Superior Ct. 8; Dunbar v. Lutton, 72 Pa. Superior Ct. 77; Wynn v. Duve, 74 Pa. Superior Ct. 432; Simon v. Wintgens, 75 Pa. Superior Ct. 351.

OPINION BY TREXLER, J., March 3, 1922:

There was a petition to vacate the judgment entered in this case.   The lower court treated it as a petition to open.   The petitioner avers that he, the defendant, in his affidavit of defense alleged that the plaintiff, the endorser, was not an innocent holder for value without notice and before maturity of the note in question, it

having been agreed between the parties to the note that it was to be paid in shipments of coal; and after the case was on the trial list, the defendant confessed judgment for the amount of the note, payable in installments. He further states that he was mistaken in the identity of the plaintiff, he having discovered since execution was issued that the plaintiff was cognizant of all the facts in the case and knew that the note was to be paid in coal.

In his deposition taken in support of the petition, the defendant states that A. Sidney Davidson, who was connected with the company, to whom the note was payable, had left him under the impression that the endorsee of the note was the Luce connected with the American Strawboard Company and he, believing this to be so and having no means of proving that the Luce referred to by Davidson knew anything about the transaction involved in the giving of the note, confessed judgment for the amount thereof.

The court refused to open the judgment. The reasons given are convincing. The testimony of the defendant is uncorroborated. It is flatly contradicted by the plaintiff, the present holder of the note. The story is improbable for the defendant states that the man, who he thought was the holder of the note, spelled his name Luz or Luze and the dissimilarity between the names would be notice to the defendant, that the plaintiff was actually the man, he in the first instance thought he was. The plaintiff was, admittedly, not present when the note was given and the defendant's testimony was not clear that the plaintiff knew of the arrangement between the parties to the note when he purchased it.

Under the well-settled rule that the petition to open judgment is addressed to the equitable powers of the court and the question before us is whether there has been a proper exercise of judicial discretion, we find no reason for interfering with the conclusion of the learned judge of the court below. It was his province to weigh the conflicting testimony and to ascertain whether, con-

sidering the proofs submitted, justice required the opening of the judgment.

The assignment of error is overruled and the order of the lower court is affirmed.